# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ MARIA ORTIZ,<br><br>         Plaintiff,<br><br>  vs.<br><br>SODEXHO, INC. AND AFFILIATED COMPANIES; SODEXHO OPERATIONS, LLC; TOM DOE; et al.,<br><br>         Defendants. | CASE NO. 10-CV-2224 JLS (RBB)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR REMAND; (2) DENYING DEFENDANTS SODEXO, INC. AND SODEXO OPERATIONS, LLC'S MOTION TO TRANSFER VENUE**<br><br>(ECF Nos. 5, 10) |

Presently before the Court are (1) Plaintiff Luz Maria Ortiz's motion for remand (ECF No. 10); and (2) Defendants Sodexo, Inc. and Sodexo Operations, LLC's (collectively, Sodexo) motion to transfer venue (ECF No. 5). Also before the Court are the parties' respective oppositions and replies. (Pl.'s Opp'n, ECF No. 11; Sodexo's Opp'n, ECF No. 19; Sodexo's Reply, ECF No. 21; Pl.'s Reply, ECF No. 22.) Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion for remand and **DENIES** Sodexo's motion to transfer venue.

## BACKGROUND

Between February 2006 and July 17, 2008, Plaintiff was employed by Sodexo. (Wohl Decl. ISO Removal Exs. F, G, H, ECF No. 1-1.) Plaintiff alleges that, during her employment, she was repeatedly subjected to sexual harassment by Defendant "Tom." (Wohl Decl. ISO Removal Ex. A

(Compl.) ¶¶ 10–11, 13.) Plaintiff allegedly reported this harassment, but Sodexo "failed to reprimand, terminate, or take any disciplinary action to stop the harassment." (*Id.* ¶ 12.) Rather, Plaintiff alleges that Sodexo retaliated against her by terminating her employment. (*Id.* ¶ 14.)

On May 29, 2009, Plaintiff filed with the California Department of Fair Employment and Housing (the DFEH) three complaints of discrimination under the provisions of the California Fair Employment and Housing Act (FEHA). (Wohl Decl. ISO Removal Exs. F, G, H.) Plaintiff's FEHA complaints named as Defendants "Sodexho, Inc. and affiliated companies" (*id.* Ex. F); "Sodexho Operations, LLC" (*id.* Ex. G); and Ray Trieu (*id.* Ex. H). The complaints alleged that, while employed by Sodexo, Plaintiff "was subjected to sexual harassment by Ray Trieu, Kitchen Manager," and that "she was subjected to retaliation by her employers" when she reported the harassment. (*Id.* Exs. F, G, H.) On June 15, 2009, the DFEH issued case closure and right-to-sue notices on Plaintiff's FEHA complaints. (*Id.* Exs. F, G, H.) The notices indicated that Plaintiff had one year in which to file a civil action. (*Id.* Exs. F, G, H.)

On June 14, 2010, Plaintiff filed amended FEHA complaints naming as Defendants "Sodexho, Inc. and affiliated companies" (Wohl Decl. ISO Removal Ex. I); "Sodexho Operations, LLC" (*id.* Ex. J); and "Tom (last name unknown)" (*id.* Ex. K). The amended complaints alleged that, while employed by Sodexo, Plaintiff "was subjected to sexual harassment by Tom (last name unknown) [As opposed to Ray Trieu who was inadvertently named as the alleged harasser in the original Supplemental Facts to the DFEH Complaint]." (*Id.* Exs. I, J, K (bracketed material in original).) The amended complaints contained the same retaliation allegations as the original complaint. (*Id.* Exs. I, J, K.)

Also on June 14, 2010, Plaintiff filed the instant action in San Diego County Superior Court. (Compl.) Plaintiff's operative complaint names the same defendants named in Plaintiff's amended FEHA complaints and alleges causes of action for sexual harassment and retaliation. (*Id.*) On October 27, 2010, Sodexo removed the action to this Court "based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332." (Notice of Removal, ECF No. 1.) Plaintiff now moves to remand the case to state court (*see* Mem. ISO Remand Mot., ECF No. 10), and Defendant moves to transfer the case to the Central District of California (*see* Mem. ISO Transfer Mot., ECF No. 5-1).

# MOTION TO REMAND

## 1. Legal Standard

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To establish removal jurisdiction over a diversity action, the removing defendants must establish compliance with 28 U.S.C. § 1332(a), which provides for diversity jurisdiction where (1) amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. Where, as in the present case, the "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."[1] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Section 1332(a) also requires complete diversity between plaintiffs and defendants. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Courts look to "the time of the filing of a complaint" to determine whether complete diversity exists. *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992). The removing party must prove its allegations by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). The Court takes this proof from the notice of removal and may, if it chooses, construe the opposition to the motion to remand as an amendment to the notice of removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

## 2. Analysis

Plaintiff moves to remand on the ground that complete diversity does not exist because

---

[1] Sodexo has carried this burden by submitting Plaintiff's response to Sodexo's request for statement of damages. (Wohl Decl. ISO Removal Ex. E.) In her response, Plaintiff indicates that she seeks more than $1,000,000 in damages for medical expenses, lost income, and emotional distress. (*Id.*)

Plaintiff and Defendant Tom Young—named in the complaint as "Tom Doe" or "Tom (last name unknown)"—are California residents. (Mem. ISO Remand Mot. 1.) Sodexo, however, contends that the Court must disregard Tom's citizenship because he is both a fictitiously named and a sham defendant. (Sodexo's Opp'n 1.)

### A. *Sodexo Cannot Prove by a Preponderance of the Evidence that Tom is a Fictitiously Named Defendant*

Sodexo's first argument requires the Court to find, as a matter of fact, that Tom is a fictitiously named defendant. (*See* Sodexo's Opp'n 4–7.) Sodexo apparently posits that this is so because "Doe" is handwritten on the face of the complaint, along with an arrow indicating that "Doe" be added after "Tom." (*See id.* (referring to Tom as "Tom Doe (last name unknown)").) However, Plaintiff's counsel avers that "no one in [his] office hand-wrote 'Doe' after Tom's name on Plaintiff's complaint. Rather, it is likely that the word 'Doe' was added by court personnel." (Matern Decl. ISO Pl.'s Reply ¶ 4, ECF No. 22-1 to -2.) That the complaint names numerous true "Doe" defendants makes Plaintiff's counsel's version of the facts all the more likely because this suggests that Plaintiff did not intend to count Tom among the "Doe" defendants. (*See* Compl.) It suggests that Plaintiff intended to sue Tom under his true—albeit incomplete—name. In light of this factual question, Sodexo has not established, by a preponderance of the evidence, that Tom is a fictitiously named defendant. Accordingly, its first argument against remand fails.

### B. *The Court Will Disregard Tom's Citizenship Because Plaintiff Did Not Exhaust Her Administrative Remedies Against Him*

Sodexo's second argument asks the Court to determine whether Plaintiff's complaint "fails to state a cause of action against [Tom], and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If so, Tom's joinder is fraudulent and will not defeat removal on diversity grounds. *Id.* Although the exercise of federal jurisdiction ordinarily is determined solely from the face of the complaint, "[w]here fraudulent joinder is an issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.

1998) (quoting *McCabe*, 811 F.2d at 1339).[2]

Sodexo contends that Tom's joinder is fraudulent because "it is clear that plaintiff's single cause of action against Mr. Young under FEHA is not viable because of her failure to exhaust administrative remedies as required by the statute." (Sodexo's Opp'n 8.) "Under FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [DFEH] and must obtain from the [DFEH] a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA." *Romano v. Rockwell Int'l, Inc.*, 926 P.2d 1114, 1121 (Cal. 1996) (citing, *inter alia*, Cal. Gov't Code §§ 12960, 12965(b)). Subject to irrelevant exceptions, the FEHA complaint must be filed within "one year from the date upon which the alleged unlawful practice . . . occurred." Cal. Gov't Code § 12960(d). Failure to exhaust administrative remedies under the FEHA "is a jurisdictional, not a procedural, defect." *Okoli v. Lockheed Technical Operations Co.*, 43 Cal. Rptr. 2d 57, 61 (Cal. Ct. App. 1995) (quoting *Martin v. Lockheed Missiles & Space Co.*, 35 Cal. Rptr. 2d 181, 183 (Cal. Ct. App. 1994)) (internal quotation marks omitted).

Sodexo contends that Plaintiff did not exhaust her administrative remedies against Tom because she failed to file a FEHA complaint against him within one year of leaving the company. (Sodexo's Opp'n 9.) Sodexo further contends that Plaintiff's June 14, 2010 amendment of her FEHA complaints was ineffectual because the amendment—substitution of Tom's name for Ray Trieu's—did not relate back to the original complaints.[3] (*Id.* at 10–14.)

Plaintiff responds that she exhausted her remedies against Tom by amending her FEHA complaints "after realizing that she inadvertently named Ray Trieu instead of Tom (now known as Tom or Thomas Young)." (Pl.'s Reply 7.) Plaintiff contends that this amendment relates back to the original right-to-sue date because it only changed the name of the individual defendant and "[t]he

---

[2] Contrary to Plaintiff's argument, Defendant is entitled invoke the fraudulent joinder doctrine as a vehicle to challenge Plaintiff's exhaustion of remedies as to Tom. This is because exhaustion of remedies—like a statute of limitations defense—"does not truly go to the merits of the plaintiff's claim in any sense." *Ritchey*, 139 F.3d at 1319. Rather, "it virtually admits the validity of the cause of action and the plaintiff's right to collect upon it," but asserts that the claim is procedurally barred. *Id.*

[3] Additionally, Sodexo argues that the amendment was invalid under DFEH regulations and invalid because it does not name Thomas Young. (Sodexo's Opp'n 14–18.) Because the Court finds that the amendment does not relate back to the original complaints, it need not address those further contentions here.

1 charges against the individual harasser, Tom, remain *identical* to all the facts alleged in Plaintiff's
2 original DFEH complaint." (*Id.*)

3 The parties agree, as they must, "that the relation-back doctrine is available in appropriate
4 circumstances to render timely an otherwise untimely amendment to a charge under FEHA."
5 *Rodriguez v. Airborne Express*, 265 F.3d 890, 898 (9th Cir. 2001). However, the parties do not
6 identify—nor does the Court's independent research identify—a standard by which to determine
7 whether an amendment adding a defendant to a FEHA complaint relates back to the original
8 complaint. (*See* Sodexo's Opp'n 11 (nothing "there is no authority directly on point").) Thus, the
9 Court is put to the unenviable task of predicting what standard the California courts would apply in
10 such a case. *See Rodriguez*, 265 F.3d at 898–99.

11 *McGee Street Productions v. Workers' Compensation Appeals Board*, 133 Cal. Rptr. 2d 813
12 (Cal. Ct. App. 2003), which neither party cited in its briefing, is instructive. After Gabrielle
13 Peterson's husband suffered a fatal heart attack while working on a movie production, she filed a
14 timely petition for workers' compensation benefits against her husband's general employer,
15 Entertainment. *Id.* at 814–15. Her husband's special employer, McGee Street, was served by mail
16 with a copy of the petition but was not named as a defendant. *Id.* at 815. More than one year after
17 her husband's death, Ms. Peterson amended her petition to add McGee Street as a defendant and
18 served McGee Street with the amended petition. *Id.*

19 McGee Street defended against the petition on the ground that it was not named as a defendant
20 in the original petition, and there was no authority permitting amendments to add new defendants after
21 the expiration of the statute of limitations. *Id.* at 816. Ms. Peterson, however, argued that the
22 amendment related back to the original petition. *Id.* at 815–16. The workers' compensation judge
23 (WCJ) agreed with Ms. Peterson, holding that the statute of limitations did not bar her claims against
24 McGee Street. *Id.* at 816. On review of a petition for reconsideration, the Workers' Compensation
25 Appeals Board (the Board) affirmed the WCJ's decision. *Id.* at 817.

26 The California Court of Appeal annulled the Board's order. *Id.* at 820. Applying an analogy
27 to civil cases, the court "refer[red] to the familiar rule that under the Code of Civil Procedure, a
28 complaint may not be amended to add a new defendant after the statute of limitations has run." *Id.*

at 818 (citing, *inter alia*, *Woo v. Superior Court*, 89 Cal. Rptr. 2d 20, 24–26 (Cal. Ct. App. 1999)). The court recognized that application of the civil statute of limitations law to workers' compensation cases was not a "perfect fit" because the latter contain no provision for Doe pleading. *Id.* at 819; *see* Cal. Civ. Proc. Code § 474. "Of greater significance," however, was that Ms. Peterson was not ignorant of her husband's special employer's identity when she filed her original petition. *McGee Street*, 133 Cal. Rptr. 2d at 819. "This [was] borne out by the fact that she mailed a copy of the petition to McGee Street at the time of filing." *Id.* The court concluded, "The policies of avoiding the presentation of stale claims and of putting parties on notice of potential liability are not furthered by the rule . . . that naming a general employer in a petition ipse dixit permits the addition of a special employer after running of the limitations period." *Id.*

*McGee Street* and this case are factually analogous. Like Ms. Peterson, Plaintiff desires to amend her administrative complaint to add a previously unnamed defendant after the statute of limitations has run. And like Ms. Peterson, at the time Plaintiff filed her original FEHA complaints, she was not ignorant of the identity of her alleged harasser. This is implicit in Plaintiff's contention that, as a result of an "inadvertent error" (Mem. ISO Remand Mot. 7), her original FEHA complaints "incorrectly named the alleged harasser as Ray Trieu" (Matern Decl. ISO Mot. to Remand ¶ 4, ECF Nos. 10-1 to -10).

The analogy between the workers' compensation laws and the FEHA is also apt. Both the workers' compensation laws, Cal. Lab. Code §§ 5405, 5406, 5407, and the FEHA, Cal. Gov't Code § 12960(d), provide that a claim must be filed within one year from the date on which the claim accrued. Both of these statutes of limitation are subject to tolling. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1039 (Cal. 2008) (FEHA statute of limitations); *Honeywell v. Workers' Comp. Appeals Bd.*, 105 P.3d 544, 549 (Cal. 2005) (workers' compensation statute of limitations). And like the workers' compensation laws, which must be liberally construed "with the purpose of extending their benefits for the protection of persons injured in the course of their employment," Cal. Lab. Code § 3202, the FEHA's statute of limitations "must be liberally interpreted in favor of both allowing attempts at reconciliation and ultimately resolving claims on the merits," *McDonald*, 194 P.3d at 1037; *accord* Cal. Gov't Code § 12993(a).

Given the similarities between *McGee Street* and this case, the Court concludes that, in the FEHA context, the California Courts would apply "the familiar rule" that a complaint may not be amended to add a previously unnamed defendant after the statue of limitations has run.[4] 133 Cal. Rptr. 2d at 818. Under this rule, Plaintiff's amended FEHA complaint, filed after the statute of limitations had run, had no legal effect. And because Plaintiff did not file a valid FEHA complaint against Tom within "one year from the date upon which the alleged unlawful practice . . . occurred," she failed to exhaust her administrative remedies against him. Cal. Gov't Code § 12960(d). Accordingly, Plaintiff's complaint fails to state a cause of action against Tom, "demonstrat[ing] beyond peradventure that [he was a] sham defendant[] for purposes of removal." *Ritchey*, 139 F.3d at 1320. As a result, the case was properly removed. (*See* Compl. ¶ 3; Notice of Removal ¶ 9.)

## MOTION TO TRANSFER VENUE

**1.  Legal Standard**

Under 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice." The statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In exercising that discretion, a court should aim to "prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (internal quotation marks and citation omitted); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (listing factors that a district court may weigh in determining whether transfer is appropriate in a particular case). The moving party bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

---

[4] It is worth noting that Plaintiff's suggested rule—that a FEHA complaint may be amended to add a new defendant after the statute of limitations has run so long as "[t]he charges against the individual harasser . . . remain *identical* to all of the facts alleged in [the] original . . . complaint" (Pl.'s Reply 7)—would undermine the policies "of avoiding the presentation of stale claims and of putting parties on notice of potential liability," *McGee Street*, 133 Cal. Rptr. 2d at 819.

**2.     Analysis**

The sole basis for Sodexo's motion to transfer venue is that Plaintiff is pursuing a separate action against Sodexo in the Central District of California "asserting ten causes of action for wage-and-hour violations under California law on behalf of herself and a putative class of other Sodexo employees." (Mem. ISO Transfer Mot. 1.) According to Sodexo, "The interest of justice would be served to have a single court handle both actions, rather than having them split between two separate courts; that would promote efficiency, avoid waste of judicial resources, and avoid the potential for inconsistent rulings between the two courts on matters common to the actions." (*Id.* at 4.)

Although there might have been a basis for Sodexo's motion when it was filed, this is no longer the case. On June 10, 2011, Judge Manuel L. Real *sua sponte* transferred *Ortiz v. Sodexho Operations, Inc.*, Case No. 11-CV-1295 JLS (RBB)—Plaintiff's wage-and-hour action—from the Central District of California to this district, and the case was assigned to the Honorable Irma E. Gonzalez. Then, under Civil Local Rule 40.1(d), the case was transferred to this Court.[5] Because both of Plaintiff's actions are now pending before this Court, there is no potential for waste of judicial resources or inconsistent rulings between two courts. Accordingly, transfer of this action would not serve the interest of justice.

## CONCLUSION

For the reasons stated, Plaintiff's motion for remand is **DENIED**, and Sodexo's motion to transfer venue is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 26, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[5] Sodexo's motion for summary judgment in the wage-and-hour action is pending before this Court and set for hearing on August 11, 2011. (*See Sodexho Operations*, 11-CV-1295, ECF No. 90.)